IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA (WASHINGTON, DC)


**WILLIE HAMPTON**

    **PLAINTIFF**


V.                                                                              **CAUSE NO. 1:06-CV-00158-RMU**


**TUNICA COUNTY BOARD OF SUPERVISORS,
TUNICA COUNTY SHERIFF'S DEPARTMENT,
JEROME HUDSON, JERRY ELLINGTON, JOHN
DOES 1 - 5, AND JANE DOES 1 - 5**

    **DEFENDANTS**


## MOTION OF DEFENDANTS TUNICA COUNTY BOARD OF SUPERVISORS, TUNICA COUNTY SHERIFF'S DEPARTMENT AND JERRY ELLINGTON TO DISMISS OR TRANSFER

**NOW COMES** Defendants Tunica County Board of Supervisors, Tunica County Sheriff's Department (collectively "Tunica County") and former Tunica County Sheriff Jerry Ellington, by counsel, and move this Court to dismiss or transfer the instant cause as follows, to-wit:

I.

Pursuant to Fed. R. Civ. Pro., Rule 12 (b)(2), Plaintiff's Complaint fails to establish any basis by which this Court may exercise *in personam* jurisdiction over Defendants, Tunica County, Mississippi and/or former Tunica County Sheriff Jerry Ellington.

## II.

Pursuant to Rule 12 (b)(3), the instant cause should be dismissed for improper venue based upon the fact that the controlling venue in this case is clearly the United States District Court for the Northern District of Mississippi.

## III.

Pursuant to 28 U.S.C. 1391(b) (requirements for proper venue in actions not based upon diversity), 28 U.S.C. §1404 (a)(authorizing transfer to more convenient district), 28 U.S.C. §1406(a)(authorizing transfer to proper district) and 28 U.S.C. §1412 (granting this Court discretion to dismiss or transfer for improper venue), this Court has the inherent power to transfer venue of this cause to the proper forum in lieu of dismissal.[1]

In support of and as part of this Motion, Defendants Tunica County and former Tunica County Sheriff Jerry Ellington have filed herewith a separate Memorandum Brief.

**Respectfully submitted** this 24th day of March, 2006.

    Respectfully Submitted:

    /s/ **Matthew A. Ranck**

    Matthew A. Ranck (DC Bar No. 484983)
    ECCLESTON AND WOLF, P. C.
    2001 S Street, N. W., Suite 310
    Washington, DC 20009-1125
    (202) 857-1696 Telephone
    (202) 857-0762 Facsimile
    *Local Counsel for Defendants Tunica County and Jerry Ellington*

    /s/ **Daniel J. Griffith**

---

[1] A request for transfer of venue (rather than a dismissal for improper or inconvenient venue) is made under federal statute not under F.R.C.P. Rule 12(b)(3), 28 U.S.C. §1404, 28 U.S.C. §1406, 28 U.S.C. §1412.

>Daniel J. Griffith
>GRIFFITH & GRIFFITH
>123 South Court Street
>P. O. Drawer 1680
>Cleveland, MS 38732
>Phone No. 662-843-6100
>Fax No. 662-843-8153
>*Counsel for Defendants Tunica County and Jerry Ellington*

## CERTIFICATE OF SERVICE

I, Matthew A. Ranck, attorney for Defendants, hereby certify that I have this day mailed by United States mail, postage prepaid, a true and correct copy of the above and foregoing *Motion to Dismiss or Transfer,* to:

>Willie Hampton
>R79948-011
>Victorville United States Penitentiary
>P. O. Box 5500
>Adelanto, CA 92301

**DATED** this 24th day of March, 2006.

>/s/ **Matthew A. Ranck**
>―――――――――――――――
>Matthew A. Ranck

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA (WASHINGTON, DC)

WILLIE HAMPTON

    PLAINTIFF

V.                                                CAUSE NO. 1:06-CV-00158-RMU

TUNICA COUNTY BOARD OF SUPERVISORS,
TUNICA COUNTY SHERIFF'S DEPARTMENT,
JEROME HUDSON, JERRY ELLINGTON, JOHN
DOES 1 - 5, AND JANE DOES 1 - 5

    DEFENDANTS

## STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' TUNICA COUNTY BOARD OF SUPERVISORS, TUNICA COUNTY SHERIFF'S DEPARTMENT AND JERRY ELLINGTON MOTION TO DISMISS OR TRANSFER

Defendants Tunica County Board of Supervisors, Tunica County Sheriff's Department (collectively "Tunica County") and former Tunica County Sheriff Jerry Ellington, by counsel, respectfully submit this memorandum of law, in support of their motion, pursuant to Rule 12(b)(2), F.R.C.P., and local Rule LCvR 7, to dismiss the Complaint for lack of personal jurisdiction and improper venue, to wit:

### I. Requested Relief

Tunica County, Mississippi and former Sheriff Jerry Ellington request dismissal or transfer of the instant inmate claim based upon the complete failure of personal jurisdiction and improper venue.

## II. Personal Jurisdiction

The instant motion presents a straightforward issue of personal jurisdiction that is dispositive of the Plaintiff's entire case against Defendants Tunica County and former Tunica County Sheriff Jerry Ellington. Factually, the matters dispositive of this issue are simple and direct:

A) Tunica County, Mississippi is a political subdivision of the State of Mississippi. There is no known business contact between Tunica County, Mississippi and the District of Columbia.

B) Defendant Jerry Ellington is an adult resident citizen of the State of Mississippi. At all relevant times, former Sheriff Jerry Ellington was the duly elected Sheriff of Tunica County, Mississippi. There is no known business contact between former Sheriff Ellington and the District of Columbia.

C) Plaintiff's claim arises from actions which took place in Tunica County, Mississippi and/or Lafayette County, Mississippi, the site of the Oxford Division Courthouse for the United States District Court for the Northern District of Mississippi where Plaintiff was tried and convicted.

D) No defendant is identified as residing in the District of Columbia and none may be found there.

## BACKGROUND

Plaintiff (Hampton) was arrested in Mississippi on state and federal drug charges.[1] Hampton seeks to avoid his failure to exhaust available grievance procedures at the Tunica

---

[1] In the United Stated District Court for the Northern District of Mississippi, USA v. Hampton,

County, Mississippi Detention Center.[2] The witnesses, grievance policies and the actual facility are located in Tunica County, Mississippi.[3] The instant forum has no relationship with this facility, its past or present employees, policies or procedures.[4] Hampton seeks to avoid his untimely complaint and the rule in **Heck** by addressing state charges which were dismissed by the Tunica County Justice Court in lieu of the completed federal prosecution.[5] The Tunica County, Mississippi Justice Court, the judge, prosecutor and all documentary evidence relative to this proceeding may be found in Tunica County, Mississippi.[6] The instant forum has no relationship with to this issue or these witnesses.

On information and belief, the issues Hampton attempts to raise were first brought before the United States District Court for the Northern District of Mississippi in the form of an *in limine* motion prior to Hampton's criminal trial.[7] The motion was denied.[8] Hampton was convicted in the United States District Court for the Northen District of Mississippi.[9] Hampton's federal conviction has not been overturned on appeal or expunged by executive

---

2:00-cr-00094-WAP.

[2]Amended Complaint.

[3]Id.

[4]Id.

[5]In the United Stated District Court for the Northern District of Mississippi, USA v. Hampton, 2:00-cr-00094-WAP.

[6]Amended Complaint.

[7]In the United Stated District Court for the Northern District of Mississippi, USA v. Hampton, 2:00-cr-00094-WAP, Doc 112.

[8]Id., Doc. 117.

[9]Id.

3

order.[10]  Federal civil litigation involving former Tunica County Narcotics Officer Jerome Hudson and his discharge were litigated in the United States District Court for the Northern District of Mississippi.[11]  Hampton has unsuccessfully pursued *pro se* litigation related to these events in the United States District Court for the Northern District of Mississippi.[12]  Federal civil litigation involving the claim of Ruby Gooden versus Tunica County was litigated in the United States District Court for the Northern District of Mississippi.[13]

## ARGUMENT

### I. HAMPTON FAILS TO SATISFY HIS BURDEN TO ESTABLISH PERSONAL JURISDICTION OVER DEFENDANTS TUNICA COUNTY AND FORMER TUNICA COUNTY SHERIFF JERRY ELLINGTON

Hampton bears the initial burden of establishing personal jurisdiction over a nonresident defendant through the well-pleaded allegations of the complaint.[14]  In the absence of such a *prima facie* showing of the facts upon which *in personam* jurisdiction is predicated, the Plaintiff

---

[10]Id., Doc. 251 (Judgment affirmed).

[11]In the United Stated District Court for the Northern District of Mississippi, Hudson v. Tunica County Sheriff, et al, 2:01-cv-00206-WAP, Doc. 62 & 63 (Summary Judgment and Final Dismissal).

[12] In the United Stated District Court for the Northern District of Mississippi, Hampton v. Barker, et al, 2:04-cv-00160-WAP-SAA, Doc. 8 & 9 (Case Terminated as frivilious), Doc. 15 (Appeal Affirming Termination).

[13] In the United Stated District Court for the Northern District of Mississippi, Gooden v. Tunica County Board, et al, 02-cv-00070-WAP, Doc. 10 (Case terminated by reason of settlement).

[14]*Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994), cert. denied, 513 U.S. 930 (1994), cited in *Lofton v. Turbine Design, Inc.*, 100 F. Supp.2d 404, 407 (N.D. Miss. 2000) ("When a non resident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the Court's jurisdiction over the nonresident."); *R.C. Constr. Co. v. National Office Systems, Inc.*, 622 So.2d 1253, 1255 (Miss. 1993).  See *Applewhite v. Metro Aviation, Inc.*, 875 F.2d 491, 494 (5th Cir. 1989); *Lifeline Ambulance Services, Inc. v. Laidlaw, Inc.*, 16 F. Supp.2d 686, 687 (S.D. Miss. 1998).

4

will face dismissal for lack of jurisdiction.[15]    Respectfully, Defendants submit that the well-documented background of the legal proceedings in Mississippi, both civil and criminal, do nothing to submit them to the personal jurisdiction of this Court.  There simply is no contact between these parties and this forum.[16]

## II. IMPROPER VENUE

The instant forum choice is a classic example of improper venue as there are no witnesses, documents or transactions alleged to have occurred in the District of Columbia, and the appropriate local district has already heard both criminal and civil litigation arising from these same facts as now raised by Hampton.  Where improper venue has provided an easier justification for dismissal, this district has followed the principal of addressing this issue first.[17]

**(A)**
Pursuant to Rule 12 (b)(3), the instant cause should be dismissed for improper venue based upon the fact that the controlling venue in this case is clearly the United States District Court for the Northern District of Mississippi.

Rule 12(b)(3) provides that a district court should dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum.[18]  Courts are instructed to accept the plaintiff's statements in the complaint regarding venue as true, draw all reasonable inferences

---

[15] *Lofton*, 100 F. Supp.2d at 407-408.

[16] A nonresident defendant should not be haled into a jurisdiction based solely upon random, fortuitous or attenuated contacts with the forum based upon the unilateral activity of another party or third person. ***Burger King v. Rudzewicz***, 471 U.S. 462, 474-475 (1985) (citing ***International Shoe Co. v. Washington***, 326 U.S. 310, 316 (1945)).

[17] ***Cameron v. Thornburgh***, 299 U.S. App. D.C. 228, 983 F.2d 253, 257 n.3 (D.C. Cir. 1993) (citing ***Leroy v. Great W. United Corp.***, 443 U.S. 173, 61 L. Ed. 2d 464, 99 S. Ct. 2710 (1979)).

[18] FED. R. CIV. P. 12(b)(3).

from those allegations in the plaintiff's favor, and resolve any factual conflicts in the plaintiff's favor."[19]

However, the Court is not required to accept conclusory statements of venue as true.[20] The instant complaint and amended complaint make no allegation which substantiates proper venue in this Court.[21] Rather, we see a lengthy discussion of multiple proceedings and events which occurred within the Northern District of Mississippi. No defendant residing in the District of Columbia is identified. Dismissal is clearly warranted under the facts before the Court as there is no basis for venue in the District of Columbia.[22]

**(B)**
Pursuant to *28 U.S.C. 1391(b)* (requirements for proper venue in actions not based upon diversity), *28 U.S.C. §1404 (a)*(authorizing transfer to more convenient district), *28 U.S.C. §1406(a)*(authorizing transfer to proper district) and *28 U.S.C. §1412*(granting this Court discretion to dismiss or transfer for improper venue), this Court has the inherent power to transfer venue of this cause to the proper forum in lieu of dismissal.[23]

In this federal question claim by an inmate challenging his arrest and conditions of confinement in Tunica County, Mississippi, no defendant resides in the District of Columbia. No defendant may be found in the District of Columbia. No part of the actions complained of are alleged to have occurred in the District of Columbia. There is no basis for proper venue of

---

[19]*Darby v. United States DOE,* 231 F. Supp. 2d 274, 276-77 (D.D.C. 2002); 2215 Fifth St. Assocs. v. U-Haul Int'l, Inc., 148 F. Supp. 2d 50, 54 (D.D.C. 2001).

[20]*Darby,* 231 F. Supp. 2d at 277.

[21]Complaint and Amended Complaint (Docket Entries 1 & 2).

[22]*Smith v. US Investigations Servs.,* 2004 U.S. Dist. LEXIS 23504 (D.D.C. 2004).

[23] A request for transfer of venue (rather than a dismissal for improper or inconvenient venue) is made under federal statute not under F.R.C.P. Rule 12(b)(3), 28U.S.C.§1404, 28 U.S.C. §1406, 28 U.S.C.

this action in the District of Columbia.[24] Upon finding venue improper, the decision of the district court as to whether to dismiss or transfer is one of discretion.[25] The instant case warrants dismissal as the Plaintiff is clearly chargeable with knowledge and prior access to the district court where the actions complained of occurred and where the defendants, witnesses and documents relevant to these claims reside and/or may be found.

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that this Court grant Defendant's motion and order the dismissal of the Complaint in its entirety or grant such other relief as the Court deems proper.

**Respectfully submitted** this 24th day of March, 2006.

Respectfully Submitted:

**/s/ Matthew A. Ranck**

---

§1412.

[24] 28 U.S.C. § 1391(b)(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

[25] *James v. Booz-Allen,* 227 F. Supp. 2d 16, 20 (D.D.C. 2002).

        Matthew A. Ranck (DC Bar No. 484983)
        ECCLESTON AND WOLF, P. C.
        2001 S Street, N. W., Suite 310
        Washington, DC 20009-1125
        (202) 857-1696 Telephone
        (202) 857-0762 Facsimile
        *Local Counsel for Defendants Tunica County and Jerry Ellington*

        **/s/ Daniel J. Griffith**

        _____
        Daniel J. Griffith
        GRIFFITH & GRIFFITH
        123 South Court Street
        P. O. Drawer 1680
        Cleveland, MS 38732
        Phone No. 662-843-6100
        Fax No. 662-843-8153
        *Counsel for Defendants Tunica County and Jerry Ellington*

## CERTIFICATE OF SERVICE

I, Matthew A. Ranck, attorney for Defendants, hereby certify that I have this day mailed by United States mail, postage prepaid, a true and correct copy of the above and foregoing *Memorandum in Support of Defendant's Motion to Dismiss or Transfer,* to:

        Willie Hampton
        R79948-011
        Victorville United States Penitentiary
        P. O. Box 5500
        Adelanto, CA 92301

**DATED** this _____ day of March, 2006.


        **/s/ Matthew A. Ranck**
        _____
        Matthew A. Ranck

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA (WASHINGTON, DC)

**WILLIE HAMPTON**

    **PLAINTIFF**

V.                                                                                          CAUSE NO. 1:06-CV-00158-RMU

**TUNICA COUNTY BOARD OF SUPERVISORS,
TUNICA COUNTY SHERIFF'S DEPARTMENT,
JEROME HUDSON, JERRY ELLINGTON, JOHN
DOES 1 - 5, AND JANE DOES 1 - 5**

    **DEFENDANTS**

**ORDER**

UPON CONSIDERATION of Defendants' Tunica County Board of Supervisors, Tunica County Sheriff's Department and former Tunica County Sheriff Jerry Ellington Motion to Dismiss, or, in the alternative, transfer the case, and any opposition thereto, and the record herein it is by this Honorable Court this _____ day of _____, 2006, hereby:

    ORDERED, that Defendants' Tunica County Board of Supervisors, Tunica County Sheriff's Department and former Tunica County Sheriff Jerry Ellington Motion be and hereby is GRANTED; and it is further

    ORDERED, that the case be and hereby is DISMISSED as to all claims asserted against Defendants Tunica County Board of Supervisors, Tunica County Sheriff's Department and former Tunica County Sheriff Jerry Ellington in Plaintiff's First Amended Complaint; and it is further

ORDERED, that Defendants Tunica County Board of Supervisors, Tunica County Sheriff's Department and former Tunica County Sheriff Jerry Ellington are and hereby shall be DISMISSED from this case WITH PREJUDICE.

_____
**Judge**

Copies to:

Daniel J. Griffith, Esq.
Griffith & Griffith Attorneys
123 South Court Street
P.O. Drawer 1680
Cleveland, MS 38732

Matthew A. Ranck, Esq.
Eccleston & Wolf, P.C.
2001 S St., N.W., #310
Washington, DC  20009

Willie Hampton 79948-011, *pro se*
USP Victorville
P.O. Box 5500
Adelanto, CA 92301