IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA (WASHINGTON, DC)

CAUSE NO. 1:06-CV-00158-RMU

**RECEIVED**

APR 0 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WILLIE HAMPTON,

      Plaintiff,

v.

TUNICA COUNTY BOARD
OF SUPERVISORS; TUNICA
COUNTY SHERIFF'S DEPARTMENT;
JERRY L. ELLINGTON; JEROME
HUDSON; JANE DOES 1-5; JOHN
DOES 1-5

      Defendant(s).


PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION TO DISMISS AND/OR TRANSFER


      COMES NOW INTO COURT Willie Hampton, the pro-se plaintiff herein, and responds to the Motion to Dismiss and/or Transfer, and Affirmative Defenses of Defendants which has been filed re Plaintiff's Complaint. Plaintiff would show in the above-captioned cause, to wit:


TRANSFER

I.

Plaintiff avers, amongst other things, being a pro-se litigant untrained in law, he has inadvertently filed his

[1]

claim in the improper venue. Accordingly, Plaintiff would now join in with Defendants request to [transfer] this cause to the United States District Court, In and For the Northern District of Mississippi, the proper venue. (28 U.S.C. §1404(a)(authorizing transfer to more convenient district)), 28 U.S.C. § 1404(a)(authorizing transfer to proper district). (This case can be transferred under 28 U.S.C. § 1406(a) which provides for transfers, in the interest of justice, of cases "laying venue in the wrong divisions or district...") Indeed, this Circuit, in the past has noted meritorious cases in dispute and transferred said case to the proper district (SYLVIA J. ROLINSKI V. MICHAEL J. LEWIS, 828 A.2d 739; 2003 D.C.App.; (Rather than dismissing the action for improper venue, the district court transferred it to the district of Massachusetts, W. Simon Katz, v. Lear Siegler, Inc. 7 Smith & Wesson, 1993 U.S.App. LEXIS 17507; 29 U.S.P.2D (BNA) 1450

In support of the above-requested [transfer], the Plaintiff avers that, while the defendants allege in their motion that plaintiff has been convicted of federal drug charges, this does not excuse the fact that a former sheriff of Tunica County and a former deputy sheriff, both of whom were instrumental in the investigation and subsequent arrest of the plaintiff are have now been terminated from his/their employ for corruption and falsification of official documents respectively. (It should be noted that Tunica County has an extensive history re terminated officer and corruption). Moreover, the plaintiff has now come into "NEWLY DISCOVERED"

[2]

in the form of Tunica County Sheriff Department Certified official Records (which were previously unavailable) evidence which will accord him declaratory judgment against defendants.

EQUITABLE TOLLING OF CLAIM

    The defendants are incorrect in their assessment that plaintiff is time-barred. No specifics nor points in law are proffered by defendants in support of this claim. Defendants would assert the pretext that plaintiff was prosecuted federally, thus somehow, his claim is barred via the rule in Heck v. Humphrey. Indeed, the instant action was filed under the civil rights statute 42 U.S.C. § 1983 which is applicable to state actors. The plaintiff's claim regards: (a) all state actors; (b) acting under color of law/color of authority, and (c) is directed toward a judgment which was nolle prosequed in state court of May 4th 2004. [EXHIBIT A ] Moreover, the question arises as to the state of Mississippi's failure to protect the plaintiff's constitutional rights concerning numerous violations of the same of said state officials acting under the color of law/ color of authority.

    To be sure, plaintiff, by way of this civil rights action, is [NOT] attacking the constitutionality of his federal conviction. Defendants are incorrect in their assertion that plaintiff's claim does not accrue until his current federal conviction, sentence has been reversed. The federal conviction & sentence is not under attack in this case. This mistake by the defendants can be readily seen

[3]

by the fact that no authorities or decision has been stated in support of this assertion.

Plaintiff strongly emphasizes that, he is not attacking the constitutionality of his federal conviction in this complaint. Such an attack would have to be presented only by petition for writ of habeas corpus under 28 U.S.C. §2255. This Honorable Court should recognize that the claims presented in the complaint is not presented as an attack upon plaintiff's federal conviction and sentence as the defendants would have this court to believe.

In further support of an order to transfer to cure improper venue, plaintiff would assert that it would be a waste of judicial resources to "transfer" a cause which lay "outside" the applicable statute of limitations. However, for the sake of rebuttal to the argument made by the defendants in support of the motion to dismiss, Plaintiff would show that nolle proseque orders were entered regards to state drug charges [AFTER] federal process of service of arrest warrant stated that said local charges were DISMISSED; [EXHIBIT B] thus, state officials violated the historical Supreme Court rule held in Wilson, "That court, whose jurisdiction first attached, retains jurisdiction over this matter to the exclusion of all other courts -- certainly to the exclusion of the Federal District Court -- until its duty has been fully performed, Harkrader v. Wadley, 172 US 148, 164, 43 L ed 399, 404, 19 S. Ct. 119" (See, WILSON v. SCHNETTLER, 3665 US 381, 5 L ed 2d 620, 81 S. Ct. 632 (See, exhibit "A" and

[4]

exhibit "B"

WHEREFORE, THESE PREMISES CONSIDERED, plaintiff would pray that (as the interest of justice now demand, that this Honorable Court will (1) liberally construe the allegations alleged herein as the plaintiff's allegations must be deemed true, and (2) deny that portion of the motion to dismiss, and grant the TRANSFER of said claims to the proper venue stated supra.

The plaintiff prayers that this court rule in respect to the Supreme Court rule in Haines v. Kerner and do not hold plaintiff to standards of licensed/trained attorneys at law who draft pleadings and motions.

Respectfully submitted,

By /s/ *signature*

Willie Hampton #79948-011

U.S.P. Victorville P.O. Box 5500

Adelanto, California 92301

RE: CAUSE No.1:06-CV-00158-RMU CERTIFICATE OF SERVICE

I, WILLIE HAMPTON hereby certify that I served a true and correct copy of the following:

PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION TO DISMISS AND/OR TRANSFER

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston v. Lack, 101 L.ed 245 (1988), upon the court and parties to litigation and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelop addressed to:

CLERK'S OFFICE/United States District Court

E. Barrett Prettyman U.S. Courthouse

333 Constitution Avenue, N.W.

Washington, DC 20001


LAW OFFICES/ECCLESTON & WOLF

2001 -S-St., N.W. Suite 310

Washington, D.C. 20009

DANIEL & GRIFFITH ATTORNEYS

123 South Court Street/P.O. Drawer 1680

Cleveland, MS 38732

and deposited same in the United States Postal Mail at the United States penitentiary, Victorville, California on the 29th, day of March 2006.

_____
Willie Hampton/Pro-se