RECEIVED
APR 2 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE HAMPTON<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) CAUSE NO. 1:06-CV-00158-RMU |
| TUNICA COUNTY BOARD OF<br>SUPERVISORS, TUNICA COUNTY<br>SHERIFF'S DEPARTMENT, JEROME<br>HUDSON, JERRY ELLINGTON, JOHN<br>DOES 1 - 5 AND JANE DOES 1-5<br>    Defendants | )<br>)<br>)<br>)<br>)<br>) |

### *MOTION OF DEFENDANT JEROME HUDSON TO DISMISS OR TRANSFER*

Now comes Defendant Jerome Hudson, and moves this Court to dismiss or transfer this case.

Pursuant to Fed. R. Civ. Pro., Rule 12 (b)(2), Plaintiff's Complaint fails to establish any basis by which this Court may exercise *in personam* jurisdiction over Defendant Jerome Hudson.

Pursuant to Rule 12(b)(3), this case should be dismissed for improper venue based upon the fact that the controlling venue in this case is clearly the United States District Court for the Northern District of Mississippi.

Plaintiff has acknowledged that he "has inadvertently filed his claim in the improper venue." Plaintiff's Response To Defendants Motion to dismiss and/or Transfer at 1-2.

Pursuant to 28 U.S.C. 139(b) (requirements for proper venue in actions not based upon diversity), 28 U.S. C. §1404(a)(authorizing transfer to more convenient district), 28 U.S.C. § 1404(a)(authorizing transfer to proper district) and 28 U.S.C. §1412 (granting this Court discretion to dismiss or transfer or improper venue), this

Court has the inherent power to transfer venue of this cause to the proper forum in lieu of dismissal.

Defendant Hudson incorporates by reference his accompanying memorandum of law in support of this motion.

*Jerome Hudson*
7095 Tunlane Road
Apartment 319
Horn Lake, Mississippi 38637
jeromehudson1065@aol.com
(901) 326-9342

## CERTIFICATE OF SERVICE

I hereby certify that this motion has been served upon Willie Hampton, R79948-011, Victorville United States Penitentiary, P.O. Box 5500 Adelanto, CA 92301 via U.S. mail this 20th day of April, 2006.

*Jerome Hudson*

RECEIVED
APR 2 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE HAMPTON<br>　　　Plaintiff<br><br>v.<br><br>TUNICA COUNTY BOARD OF<br>SUPERVISORS, TUNICA COUNTY<br>SHERIFF'S DEPARTMENT, JEROME<br>HUDSON, JERRY ELLINGTON, JOHN<br>DOES 1 - 5 AND JANE DOES 1-5<br>　　　Defendants | ) <br> ) <br> ) <br> ) <br> ) CAUSE NO. 1:06-CV-00158-RMU<br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HUDSON'S MOTION TO DISMISS OR TRANSFER

Defendant Jerome Hudson, respectfully submits this memorandum of law, in support of his motion, pursuant to Rule 12(b)(2), F.R.C.P., and local Rule LCVR 7, to dismiss the Complaint for lack of personal jurisdiction and improper venue, to wit:

Jerome Hudson, requests dismissal or transfer of the instant inmate claim based upon the complete failure of personal jurisdiction and improper venue.

This motion presents a straightforward issue of personal jurisdiction that is dispositive of the Plaintiff's entire case.

Tunica County, Mississippi is a political subdivision of the State of Mississippi. There is no known business contact between Tunica County, Mississippi and the District of Columbia.

Defendant Jerome Hudson is an adult resident citizen of the State of Mississippi. There has been no business contact between Mr. Hudson and the District of Columbia.

Plaintiff's claim arises from actions which took place in Tunica County, Mississippi and/or Lafayette County, Mississippi, the site of the Oxford Division

1

Courthouse for the United States District Court for the Northern District of Mississippi where Plaintiff was tried and convicted.

No defendant is identified as residing in the District of Columbia and none may be found there.

## BACKGROUND

Plaintiff (Hampton) was arrested in Mississippi on state and federal drug charges.[1] Hampton seeks to avoid his failure to exhaust available grievance procedures at the Tunica County Mississippi Detention Center.[2] The witnesses, grievance policies and the actual facility are located in Tunica County, Mississippi.[3] This forum has no relationship with this facility, its past or present employees, policies, or procedures.[4] Hampton seeks to avoid his untimely complaint and the rule in Heck by addressing state charges which were dismissed by the Tunica County Justice Court in lieu of the completed federal prosecution.[5] The Tunica County, Mississippi Justice Court, the judge, prosecutor and all documentary evidence relative to the proceeding may be found in Tunica County, Mississippi.[6] The instant forum has no relationship with this issue or these witnesses.

On information and belief, the issues Hampton attempts to raise were first brought before the United States District Court for the Northern District of Mississippi

---

1. In the United Stated District Court for the Northern District of Mississippi, USA v. Hampton 2:00-cr-00094-WAP.

2. Amended Complaint.

3. Id.

4. Id.

5. In the United Stated District Court for the Northern District of Mississippi, USA v. Hampton, 2:00-cr-00094-WAP.

6. Amended Complaint.

in the form of an *in limine* motion prior to Hampton's criminal trial.[7] The motion was denied.[8] Hampton was convicted in the United States District Court for the Northern District of Mississippi.[9] Hampton's federal conviction has not been overturned on appeal or expunged by executive order.[10] Federal civil litigation involving Jerome Hudson and his discharge were litigated in the United States District Court for the Northern District of Mississippi.[11] Hampton has unsuccessfully pursued *pro se* litigation related to these events in the United States District Court for the Northern District.[12]

## ARGUMENT

### I.   HAMPTON FAILS TO SATISFY HIS BURDEN TO ESTABLISH PERSONAL JURISDICTION OVER DEFENDANT HUDSON

Hampton bears the initial burden of establishing personal jurisdiction over a non resident defendant through the well-pleaded allegations of the complaint.[13] In the absence of such a *prima facie* showing of the facts upon which *in personam* jurisdiction

---

7. In the United Stated District Court for the Northern District of Mississippi, USA v. Hampton, 2:00-cr-0094-Wap, Doc 112.

8. Id., Doc. 117.

9. Id.

10. Id., Doc, 251 (Judgment affirmed).

11. In the United Stated District Court for the Northern District of Mississippi, Hudson v. Tunica County Sheriff, et al, 2:01-cv-00206 WAP, Doc 62 & 6.

12. In the United States District Court for the Northern District of Mississippi, Hampton v. Barker, et al, 2:04-cv-00160-WAP-SSA, Doc 8 &9 (Case Terminated as frivolous), Doc 15 (Appeal Affirming Termination).

13. Wilson v. Belin, 20 F.3d, 648 (5th Cir. 1994), cert. denied, 513 U.S. 930 (1994), cited in Lofton v. Turbine Design, Inc., 100 F. Supp.2d 404, 407 (N.D. Miss. 2000) ("When a non resident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the Court's jurisdiction over nonresident.")

s predicated, the Plaintiff will face dismissal for lack of jurisdiction.[14] There simply is no contact between these parties and this forum.

## II. IMPROPER VENUE

This forum choice is a classic example of improper venue as there are no witnesses, documents or transactions alleged to have occurred in the District of Columbia and the appropriate local district has already heard both criminal and civil litigation arising from these same facts as now raised by Hampton. Where improper venue has provided and easer justification for dismissal, this district has followed the principal of addressing this issue first.

Pursuant to Rule 12(b)(3), this case should be dismissed for improper venue based upon the fact that the controlling venue in this case is clearly the United States District Court for the Northern District of Mississippi.

Rule 12(b)(3) provides that a district court should dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chose forum. The complaint and amended complaint make no allegation which substantiates proper venue in this Court. Rather, there was lengthy discussion of multiple proceedings and events which occurred within the Northern District of Mississippi. No defendant residing in the District of Columbia is identified. Dismissal is clearly warranted under the facts before the Court as there is no basis for venue in the District of Columbia.[15]

Pursuant to 28 U.S.C. 139(b) (requirements for proper venue in actions not based upon diversity), 28 U.S.C. § 1404(a) (authorizing transfer to more convenient district) 28 U.S.C. §1406(a) (authorizing transfer to proper district) and 28 U.S.C. §1412 (granting this Court discretion to dismiss or transfer for improper venue), this Court has the inherent power to transfer venue of this cause to the proper forum in lieu

---

14. Lofton, 100 F. Supp.2d at 407-408.

15. Smith v. US Investigations Servs., 2004 U.S. dist. LEXIS 23504 (D.D.C. 2004).

of dismissal.[16]

In this federal question claim by an inmate challenging his arrest and conditions of confinement in Tunica County, Mississippi, no defendant resides in the District of Columbia. No defendant may be found in the District of Columbia. No part of the action complained of are alleged to have occurred in the District of Columbia. There is no basis for proper venue of this action in the District of Columbia.

Upon finding improper jurisdiction, the decision of the District Court as to whether to dismiss or transfer is one of discretion.[17] The instant case warrants dismissal as the Plaintiff is clearly chargeable with knowledge and prior access to the District Court where the actions complained of occurred and where the Defendants, witnesses and documents relevant to these claims reside and/or may be found.

## CONCLUSION

This Court should grant Defendant's motion and order the dismissal of the Complaint in its entirety or grant such other relief as the Court deems proper.

Jerome Hudson
7095 Tunlane Road
Apartment 319
Horn Lake, Mississippi 38637
jeromehudson1065@aol.com
(901) 326-9342

---

16. A request for transfer of venue (rather than a dismissal for improper or inconvenient venue) is made under federal statute not under F.R.C.P. Rule 12(b)(3), 28 U.S.C. §1404, 28 U.S.C. §1406, 28 U.S.C. §1412.

17. James v. Booz-Allen, 227 F.Supp.2d 16, 20 (D.D.C. 2002).

## CERTIFICATE OF SERVICE

    I hereby certify that this motion has been served upon Willie Hampton, R79948-011, Victorville United States Penitentiary, P.O. Box 5500 Adelanto, CA 92301 via U.S. mail this 20th day of April, 2006.

                                                                     Jerome Hudson