# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                         |   |                   |              |
|-------------------------|---|-------------------|--------------|
| WILLIE HAMPTON,         | : |                   |              |
|                         | : |                   |              |
| Plaintiff,              | : | Civil Action No.: | 06-158 (RMU) |
|                         | : |                   |              |
| v.                      | : | Document No.:     | 7            |
|                         | : |                   |              |
| TUNICA COUNTY BOARD     | : |                   |              |
| OF SUPERVISORS *et al.*,| : |                   |              |
|                         | : |                   |              |
| Defendants.             | : |                   |              |

## MEMORANDUM ORDER

### GRANTING THE DEFENDANTS' MOTION TO TRANSFER

The *pro se* plaintiff brings this case against the Tunica County Board of Supervisors, the Tunica County Sheriff's Department, and various Tunica County agents, alleging misconduct in the execution of a search warrant. Currently before the court is the defendants' motion to dismiss or to transfer this case to the United States District Court for the Northern District of Mississippi. Because the federal court in Washington, D.C. is not a proper venue for the plaintiff's lawsuit, and because the plaintiff does not oppose the defendants' motion to transfer, the court grants the defendants' motion to transfer this case to the United States District Court for the Northern District of Mississippi.

Rule 12(b)(3) instructs the court to dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum. FED. R. CIV. P. 12(b)(3). In a case such as this, where federal jurisdiction is not premised solely on diversity, Compl. ¶ 2 (alleging violations of federal statutes), 28 U.S.C. § 1391(b) controls venue, establishing that venue is proper in:

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions

giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In the present case, none of the defendants reside in Washington, D.C., none of the alleged events underlying the plaintiff's causes of action took place in Washington, D.C., and none of the defendants may be found in Washington, D.C.  *See generally* Compl.  To the contrary, the defendants are residents of Mississippi, and the plaintiff's claims arise from actions which took place in Tunica County, Mississippi.  Defs.' Mot. at 2.  The plaintiff, apparently realizing that he has filed his complaint in the wrong jurisdiction, states that he joins the defendants' request to transfer this case to the Northern District of Mississippi.  Pl.'s Resp. (Apr. 3, 2006) at 2.

For these reasons, it is this 8th day of May, 2006, hereby

**ORDERED** that the defendants' motion to transfer is **GRANTED**, and it is

**FURTHER ORDERED** that this case be transferred to the United States District Court for the Northern District of Mississippi.

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge